IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE R. DAVENPORT,<br>　　　　Plaintiff,<br>　　v.<br>JP MORGAN CHASE, et al.,<br>　　　　Defendants. | Case No. 16-cv-05447-MMC<br><br>**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 9 |

　　　　Before the Court is defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss, filed September 30, 2016. Plaintiff Clyde R. Davenport ("Davenport") has not filed opposition. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

　　　　In his complaint, Davenport asserts eight causes of action, each of which appears to be based on Chase's allegedly unlawful initiation of foreclosure proceedings on Davenport's property. Chase seeks dismissal on the ground, inter alia, that Davenport, in violation of Rule 8(a) of the Federal Rules of Civil Procedure, has failed to provide fair notice as to the nature of his claims.

　　　　Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests," see Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation, citation, and alteration omitted). A complaint complies with Rule 8(a) when it "sets forth who is being sued, and

---

[1] By order filed November 23, 2016, the Court took the matter under submission.

1   on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d
2   1172, 1177 (9th Cir.1996). By contrast, a complaint that lacks "simplicity, conciseness
3   and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential
4   functions of a complaint," and is subject to dismissal. See id. at 1180; see also Cafasso
5   v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (noting,
6   "Rule 8(a) has been held to be violated by . . . a complaint that was highly repetitious, or
7   confused, or consisted of incomprehensible rambling") (internal quotation and citation
8   omitted).[2]

Here, Davenport appears to base his claims for relief on the theory that the 2013 assignment of his loan to Chase was fraudulent. In support thereof, Davenport attaches to his complaint a Deed of Trust naming Davenport as "Borrower"[3] and Washington Mutual Bank ("WaMu") as "Lender" (see Compl. Ex. 1), which Davenport alleges WaMu "caused to be recorded" in Contra Costa County "[o]n February 27, 2008" (see Compl. ¶ 7). Davenport further alleges that "in September 2008, [WaMu] was purportedly purchased from the Federal Deposit Insurance Corporation (FDIC) by [Chase]." (See Compl. ¶ 9.) Next, Davenport alleges that Chase "fraudulently transferred to itself the subject real property . . . while falsely attesting to transfer on behalf of the FDIC" (see id. ¶ 10) and attaches to his complaint a copy of an Assignment of Deed of Trust recorded January 30, 2013 (see Compl. Ex. 2). The above-referenced allegations as to the 2013 assignment, however, appear to be wholly inconsistent with Davenport's allegation that Chase purchased WaMu in 2008. In other words, Davenport has not given fair notice to Chase or the Court as to how Chase allegedly fraudulently sought to transfer to itself in 2013 an asset that it allegedly acquired in 2008.

---

[2] The Court notes Davenport filed his complaint in state court and thus was not, at the time of filing, required to comply with Rule 8(a). Nevertheless, as the instant action was subsequently removed to federal court, the Federal Rules of Civil Procedure govern. See Fed. R. Civ. P. 81(c)(1) (stating "[t]hese rules apply to a civil action after it is removed from a state court").

[3] Although the Deed of Trust lists borrowers other than Davenport (see Compl. Ex. 1), the instant action is brought only on behalf of Davenport.

2

Additionally, Davenport appears to base at least some of his claims for relief on the ground that Chase "acted without being duly authorized by [t]he [s]tate of California to engage in First Residential Mortgage Loans" (see Compl. ¶ 19; see also id. ¶ 47 (alleging Chase is not "a duly authorized and legally licensed lending institution")). Davenport fails, however, to set forth the grounds upon which said claims rest and sufficient facts to support such conclusory assertions.

Accordingly, the complaint is subject to dismissal for failure to comply with Rule 8(a).[4] Although Chase seeks dismissal with prejudice, the Court will afford Davenport leave to amend. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1990) (holding leave to amend "should be granted if it appears at all possible that the plaintiff can correct the defect") (internal quotation and citation omitted). Specifically, Davenport will be afforded leave to amend "to state[] clearly how [Chase] is alleged to have violated [his] legal rights and . . . focus on linking [his] factual allegations to actual legal claims." See McHenry, 84 F.3d at 1176.

**CONCLUSION**

For the reasons stated above, Chase's motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED with leave to amend.

Should Davenport wish to file an amended complaint, he shall file such pleading no later than January 27, 2017.

In light of the above, the Case Management Conference is hereby CONTINUED from January 13, 2017 to March 31, 2017, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than March 24, 2017.

**IT IS SO ORDERED.**

Dated: January 5, 2017

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of the above ruling, the Court does not address herein Chase's other arguments in support of dismissal.

3